Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ROCKY R. GONZÁLEZ ORTIZ/ MARÍA I. BÁEZ MOJICA y la SLBG **Apelante**<br><br>V.<br><br>JENNIFGER LEGUILLOW PÉREZ/ RAFAEL LÓPEZ y la SLBG **Apelado** | KLAN202400958 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Civil. Núm. TA2022CV00809<br><br>Sobre: 201-B |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

El 23 de octubre de 2024, la Sra. María I. Báez Mojica, el Sr. Rocky R. González Ortiz y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los apelantes) comparecieron ante nos mediante Apelación y solicitaron la revisión de una Sentencia que se dictó y notificó el 23 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (TPI). Mediante el aludido dictamen, el TPI archivó sin perjuicio el caso. Fundamentó su decisión en que no se le había diligenciado el emplazamiento a la parte demandada dentro del término de ciento veinte (120) días que dispone la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).

Por los fundamentos que expondremos a continuación, *modificamos* el dictamen recurrido y así modificado confirmamos.

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante

Número Identificador

SEN2024 _____

nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 10 de agosto de 2022, los apelantes presentaron una *Demanda* sobre incumplimiento de contrato y daños y perjuicios en contra de la Sra. Jennifer Leguillow (señora Leguillow o apelada).[1] Junto a la *Demanda,* los apelantes presentaron el proyecto de emplazamiento de la señora Leguillow y este fue expedido el 31 de agosto de 2022 por la Secretaría del TPI.[2] Posteriormente, el 30 de septiembre de 2022, los apelantes presentaron una *Moción Sometiendo Documentos* en la cual informaron que habían diligenciado el emplazamiento dirigido a la señora Leguillow el 9 de septiembre de 2022.[3] Junto a esta moción, anejaron evidencia documental de dicho diligenciamiento. Ante ello, el 7 de octubre de 2022, el TPI emitió una *Resolución* que se notificó el 17 de octubre de 2022, mediante la cual indicó que daba por enterado el emplazamiento diligenciado personalmente a la apelada el 9 de septiembre de 2022.[4]

Así las cosas, el 27 de octubre de 2022, la señora Leguillow presentó su *Contestación a la Demanda y Reconvención.*[5] Tras varios trámites procesales que no son pertinentes discutir, el 3 de febrero de 2024, los apelantes presentaron una *Petición para Enmendar Demanda.*[6] Informaron que surgía de una de las contestaciones de los pliegos de interrogatorio que la señora Leguillow contrajo matrimonio con el Sr. Rafael López (señor López) el 12 de agosto de 2023, mediante el régimen económico de Sociedad Legal de Bienes Gananciales (SLBG). Sostuvieron que la apelada y su esposo, el

---

[1] Véase, págs. 2-4 del apéndice del recurso. Cabe precisar que, el contrato objeto de esta controversia se formalizó el 23 de agosto de 2012 y para esta fecha y en el momento que se presentó la Demanda la señora Leguillow estaba soltera.
[2] Íd., pág. 17.
[3] Véase, Entrada 6, SUMAC.
[4] Véase, pág. 18 del apéndice del recurso.
[5] Íd., págs. 19-20.
[6] Véase, Entrada 69, SUMAC.

señor López disfrutaban de la propiedad objeto de la controversia. Además, indicaron que la SLBG estaba obligada a responder por todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges. A tales efectos, solicitaron enmendar la demanda con el único fin de incluir al señor López y a la SLBG compuesta por este y la señora Leguillow como partes co-demandadas.

El 12 de marzo de 2024, la señora Leguillow presentó una *Oposición a Petición para Enmendar Demanda.*[7] En síntesis, expuso que la propiedad en cuestión estaba a su nombre y que desde que contrajo matrimonio con el señor López residía en otra propiedad. Así pues, afirmó que el señor López no se beneficiaba de la propiedad objeto de la controversia y que la SLBG no había hecho aportación alguna en ella. De este modo concluyó que no procedía incluir al señor López y a la SLBG como parte co-demandadas. Evaluadas las posturas de ambas partes, el 12 de marzo de 2024, el TPI emitió una *Orden* que se notificó el 14 de marzo 2024 permitiendo la enmienda a la demanda.[8]

En vista de lo anterior, el 4 de abril de 2024, los apelantes presentaron la *Demanda Enmendada.*[9] Los apelantes sometieron los proyectos de emplazamiento dirigidos al señor López y a la SLBG y estos fueron expedidos por la Secretaría del TPI el 12 de abril de 2024.[10] Sin embargo, los emplazamientos no fueron diligenciados dentro del término que dispone las Reglas de Procedimiento Civil. Consecuentemente, el 23 de septiembre de 2024, el TPI emitió y notificó una *Sentencia* archivando sin perjuicio el presente caso por haber transcurrido el término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R.

---

[7] Véase, págs. 50-51 del apéndice del recurso.
[8] Véase, Entrada 73, SUMAC.
[9] Véase, Entrada 74, SUMAC.
[10] Véase, Entrada 83 y 84, SUMAC.

4.3 (c) sin que se le diligenciara el emplazamiento a la parte demandada.[11]

En desacuerdo con este dictamen, veintitrés (23) días después de que se emitiera la referida *Sentencia*, a saber, el 16 de octubre de 2024, los apelantes presentaron una solicitud de reconsideración.[12] Indicaron que a pesar de que era cierto de que no se pudieron diligenciar los emplazamientos dirigidos al señor López y a la SLBG, el emplazamiento dirigido a la señora Leguillow sí se había diligenciado a tiempo y el TPI había adquirido jurisdicción sobre su persona. Argumentaron que todas las reclamaciones contenidas en la *Demanda* eran en contra de la señora Leguillow por sus acciones y omisiones y que esta última había participado en el caso y este se encontraba en una etapa avanzada. De este modo, puntualizaron que desestimar el presente caso sin excluir a la señora Leguillow vulneraba los principios de justicia procesal y la sana administración de la justicia. Así pues, le solicitó al TPI a que continuara la causa de acción en contra de la señora Leguillow.

Sin el TPI haber notificado una determinación en cuanto a la solicitud de reconsideración, el 24 de octubre de 2024, los apelantes presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia como cuestión de hecho y derecho al desestimar la reclamación de los demandantes por transcurrir en exceso de 120 días sin que se haya diligenciado y acreditado el emplazamiento de la parte no indispensable acumulada en la solicitud de enmienda de la demanda, teniendo jurisdicción sobre la parte indispensable.**

Atendido el recurso, el 1 de noviembre de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 12 de noviembre de 2024 para presentar su alegato en oposición.

---

[11] Véase, pág. 1 del apéndice del recurso.
[12] Véase, Entrada 93, SUMAC.

Posteriormente, el 8 de noviembre de 2024, los apelantes presentaron una *Moción Informativa* mediante la cual informó que el 25 de octubre de 2024, un día después de haber presentado el recurso de epígrafe, el TPI notificó un dictamen en cuanto a la solicitud de reconsideración. Anejaron la *Orden* que emitió el TPI a tales efectos y la esta disponía lo siguiente: "[s]e reconsidera, tomando la sentencia como una parcial por lo que los asuntos continúan contra la demandada Jennifer Leguillow Pérez". Ante ello, nos informaron que no solicitaban la revisión de este dictamen ya que, según ellos, este fue conforme a derecho.

Luego, el 12 de noviembre de 2024, la parte apelada presentó un *Alegato en Oposición de la Parte Recurrida.* Cabe precisar que, en este escrito, los apelantes no abundaron o discutieron nada en cuanto a la desestimación de la causa de acción en contra de la señora Leguillow, sino que se limitaron a presentar argumentos en torno a la desestimación de la causa de acción en contra del señor López y la SLBG. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

## II.

Dentro del análisis jurisdiccional de una controversia, los tribunales deben evaluar si poseen el poder para sujetar a una parte a su decisión. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 701 (2012). Esto último es conocido jurídicamente como la jurisdicción sobre la persona. Íd. Un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas, a saber, cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 29 (2014).

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado sobre la existencia de una reclamación incoada en su contra, para así garantizarle su derecho a ser oído y defenderse. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Así pues, como mencionamos anteriormente, a través del emplazamiento los tribunales adquieren jurisdicción sobre la persona del demandado, "de forma tal que este quede obligado por el dictamen que finalmente se emita". Íd. La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, establece dos maneras de diligenciar el emplazamiento, a saber, de forma personal o mediante edicto. *Carribean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1005 (2021). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Íd.

De otro parte, en cuanto al término para emplazar, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece lo siguiente:

> (c) El emplazamiento será diligenciado **en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis y subrayado nuestro).

De la precitada regla, se desprende, entre otros asuntos, el término que tiene el demandante para emplazar y el momento en que empieza a transcurrir dicho término. Específicamente, dicha regla es clara al establecer que la Secretaría del tribunal deberá expedir los emplazamientos el mismo día en que se presente la demanda siempre que el demandante entregue los formularios de emplazamiento ese mismo día. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648-649 (2018). En estas instancias, el demandante tendrá un término

improrrogable de ciento veinte (120) días para diligenciar el emplazamiento so pena de que se desestime automáticamente si no lo hace dentro de dicho término. Íd., pág. 649.

Sin embargo, el Tribunal Supremo resolvió que si la Secretaría no expidiese el emplazamiento el mismo día en que se presentó la demanda junto al emplazamiento, el tiempo que demore el tribunal en expedir los emplazamientos será el tiempo que tendrá la parte demandante para diligenciar su emplazamiento. Íd. Cabe resaltar que en ninguna circunstancia la parte contará con más de ciento veinte (120) días para diligenciar el emplazamiento. En fin, **para que comience a decursar el referido término de ciento veinte (120) días, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal.** (Énfasis nuestro) Íd., pág. 650.

III.

Previo a atender el asunto ante nuestra consideración, cabe precisar que, la solicitud de reconsideración que presentaron los apelantes el 16 de octubre de 2024 se presentó fuera del término jurisdiccional de quince días (15) días que provee la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47 para presentar una solicitud de reconsideración de una Sentencia. En el caso de autos, la Sentencia recurrida se emitió y notificó el 23 de septiembre de 2024. Por lo tanto, los apelantes tenían hasta el 8 de octubre de 2024 para presentar su solicitud de reconsideración. Sin embargo, la presentaron ocho (8) días posteriores al término jurisdiccional provisto por ley. Por lo tanto, el dictamen que el TPI emitió el 17 de octubre de 2024 y notificó el 25 de octubre de 2024 disponiendo que la Sentencia era una parcial y que, por ende, los asuntos continuaban contra la señora Leguillow se da por no puesto por haberse emitido sin jurisdicción.

Ahora bien, a pesar de que la solicitud de reconsideración no tuvo el efecto de interrumpir el término para recurrir en alzada por

presentarse fuera de término, los apelantes presentaron el recurso de epígrafe en el término jurisdiccional de (30) días que dispone la Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52 para recurrir en alzada de una Sentencia. En vista de lo anterior, tenemos jurisdicción para atender el recurso de epígrafe. Sin embargo, la *Sentencia* que tenemos ante nuestra consideración es la que se dictó y notificó el 23 de septiembre de 2024. Aclarado este asunto, procedemos a entrar a los méritos de la controversia.

En su único señalamiento de error, los apelantes argumentaron que el TPI erró al al desestimar la reclamación por transcurrir en exceso de ciento veinte (120) días sin que se hubiese diligenciado y acreditado el emplazamiento del señor López y la SLBG, teniendo jurisdicción sobre la parte indispensable, a saber, la señora Leguillow. Le asiste la razón. Veamos.

Es un hecho incontrovertido en el presente caso que, los emplazamientos que le fueron dirigido al señor López y a la SLBG compuesta por este y la señora Leguillow no fueron diligenciados en el término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra.* Dicho esto, el TPI actuó correctamente al desestimar la causa de acción en contra del señor López y la SLBG por no tener jurisdicción sobre su persona. Sin embargo, el TPI no podía desestimar la causa de acción en contra de la señora Leguillow ya que esta última había sido emplazada debidamente y el TPI sí tenía jurisdicción sobre su persona.

En el presente caso, la *Demanda* se presentó el 10 de agosto de 2022 y junto a esta, los apelantes presentaron un proyecto de emplazamiento dirigido a la señora Leguillow. Posteriormente, el 31 de agosto de 2022, la Secretaría del TPI expidió el referido emplazamiento y este le fue diligenciado personalmente a la señora Leguillow el 9 de septiembre de 2022, a saber, nueve (9) días después de haber sido expedido. Incluso, el TPI emitió una *Resolución* el 7 de octubre de 2022, dando por enterado el emplazamiento diligenciado personalmente a la

apelada. Luego de haber sido emplazada adecuadamente, la señora Leguillow presentó su alegación responsiva, una reconvención, participó en el descubrimiento de prueba y también presentó una oposición a la Demanda Enmendada. Dicho lo anterior es evidente que la señora Leguillow se emplazó dentro del término provisto por ley por lo que el TPI adquirió jurisdicción sobre su persona. La parte apelada no nos puso en posición para resolver lo contrario. Consecuentemente, el pleito debe continuar en contra de la señora Leguillow y, por ende, no procede la desestimación del caso en su totalidad. Por las razones antes expuestas, el primer señalamiento de error se cometió.

IV.

Por los fundamentos antes expuestos, ***modificamos*** la *Sentencia* recurrida a los fines de ***revocar*** la determinación del TPI en cuanto a la desestimación de la causa de acción en contra la señora Leguillow y ***confirmamos*** a los efectos de desestimar la causa de acción en cuanto al señor López y a la SLBG compuesta por este y la señora Leguillow y así modificado ***confirmamos***.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones